UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSE CAMPOS PENEDA,<br><br>      Defendant. | CASE NO. CR10-5373 MJP<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

THIS MATTER comes before the Court on Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Dkt. No. 819.) Having considered the Parties' briefing and the relevant record, the Court hereby DENIES the motion.

**Background**

Defendant Jose Campos Peneda was sentenced on June 23, 2011, following his conviction for Conspiracy to Distribute Heroin. This Court calculated his Total Offense Level as 37. Because Defendant's Criminal History Category was I, the resulting Guidelines range was 210 – 262 months. The Court then varied downward from that range, imposing a sentence of 120 months.

ORDER DENYING MOTION TO REDUCE
SENTENCE- 1

Defendant now moves for a reduction in sentence based on Amendment 788 to the Sentencing Guidelines which made Amendment 782 to USSG § 2D1.1 retroactively applicable. (Dkt. No. 819.)  The Government opposes the motion.  (Dkt. No. 824.)

**Discussion**

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline.  Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.  At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements.  United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met.  See United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be 35.  This in turn results in an amended Guidelines range of 168 – 210 months.  Because the sentence already imposed (120 months) is below the low end of the range as calculated applying the amended Guidelines (168 months), the policy statement

precludes any reduction in sentence.  See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014).  As such, this Court is not authorized to reduce Defendant's sentence.

## Conclusion

Defendant is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because the sentence already imposed is below the low end of the amended Guidelines range. Defendant's motion to reduce his sentence is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 24th day of July, 2015.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO REDUCE
SENTENCE- 3